[Civ. No. 8631. First Appellate District, Division Two.—October 5, 1932.]

ANDREW PERI, Respondent, v. LESTER D. CULLEY, Appellant.

Jordan L. Martinelli for Appellant.

Edward J. Jose for Respondent.

STURTEVANT, J.—In an action brought to recover damages for injuries sustained in an automobile collision the plaintiff recovered a judgment for $14,000. The defendant appealed from the judgment and has brought up a typewritten transcript. Later he filed his brief. Thereafter,'the plaintiff filed in this court a notice of motion to dismiss or affirm. (Subd. 3, Rule V, of the Supreme Court and District Courts of Appeal.) The plaintiff asserts that the questions on which the appeal rests are so unsubstantial as not to need further argument.

The first point made by the defendant is that a verdict in the sum of $14,000 was excessive as a matter of law. The point is not sustained by the record. The accident occurred December 21, 1928. The plaintiff was riding on a motorcycle and the defendant was driving an automobile and the two met in a head-on collision. The immediate injury to the plaintiff consisted of shock, pain, a fractured skull, a fractured collar-bone, nine fractured ribs, several broken teeth and a muscular injury to his hip. In an unconscious condition the plaintiff was immediately taken to a hospital. He remained unconscious for three or four days. He was confined in the hospital two months and five days. During all of that time he suffered intense pain in his head, chest and hip. He was not able to return to his duties as a police officer until April 1, 1929; however, at that time, he

returned to work. The trial was had March 31, 1932—three years and four months after the accident. According to all of the medical experts the plaintiff made a good recovery in so far as broken bones were concerned. However, the fractured skull consisted of a break extending along the left temple commencing with the hard portion of the skull in which the eye is located and extending back into the occipital suture. That injury was such as to injure the nerve extending to the eye and the nerve extending to the ear. Soon after the accident the plaintiff commenced to suffer a loss of hearing and a twitching of the eye. At the time of the trial both symptoms still continued according to the witnesses produced by the plaintiff. All of the witnesses agreed that the plaintiff's hearing in his left ear was injured by the accident and that the loss of hearing was progressing and possibly would result in total deafness in that ear. The witnesses for the plaintiff also testified that the fractured skull might result in epilepsy. The plaintiff expended $1,041.55 for medical care and treatment in the hospital. It is manifest that this point may not be sustained.

█ The defendant makes one more point. He complains because the trial court gave two certain instructions to the jury. He quotes from the appendix to his brief. There are two complete answers. This court is bound to confine its consideration to the record as certified in the transcripts. Neither the clerk's transcript nor the reporter's transcript discloses that any instructions whatever were given. █ If we were permitted to use what is contained in the appendix to the defendant's brief we could not go further. That brief shows that certain instructions were given. Whether they were given at the request of the plaintiff, or the request of the defendant, or of the court's own motion, does not appear. In support of the judgment we must assume that they were given at the request of the defendant. Furthermore, taking all of the instructions together it clearly appears that the trial court committed no error.

The motion to affirm the judgment is granted and it is ordered that the judgment be, and the same is, affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 4, 1932, and an appli-

cation by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 1, 1932.